WEBB vs. COONCE.

On an inquiry of damages, if the measure of the damages be the actual damage sustained, the plaintiff must offer proof of his damage, or he will only recover nominal damages. If, however, the compensation be fixed by the contract, and the contract and breach be admitted by the pleadings, *prima facie* the amount of compensation is the measure of damages without proof: the defendant may, however, by proof of the damage actually sustained, reduce such amount.

*Webb vs. Coonce.*

APPEAL from St. Louis Circuit Court.

HOCKADAY, *for Appellant.*

TODD, *for Appellee, insists:*

1. That the court did not err in refusing to set aside the judgment by default,

1st. Because the affidavits of Hockaday do not show proper diligence. 4 Mo. R., 557; 6 do., 254; 7 do., 6; 7 do., 25.

2nd. Because the affidavits are not by Webb, and no reason or cause is given why not, as required. 2 Cow. R., 581.

3rd. Because the affidavits do not show a defence to the merits, but only that "*Webb has a valid defence,*" which may be true, for many reasons, without being a defence to the merits or a meritorious defence, as required in 7 Mo. R., 25. It might be statute of limitations or a plea in abatement, or something else, which are not meritorious defences. 1 Dunlap's Practice, 380-3; 3 J. R., 259; 5 Taunt., 856.

2. The motion to set aside the judgment by default, was disposed of at a proper time, and nothing appears showing the contrary. The bill of exceptions shows that said motion was heard and disposed of at the calling of the case for an inquiry and before going into the inquiry, and that the case was called for an inquiry according to the order and practice of the court.

3. The court did not err in refusing to give the instruction asked for by the defendant on the inquiry; for the declaration sets forth a special agreement for labor and services, and what was equivalent to a performance, all which, by not pleading, the defendant admitted to be true. The declaration, then, was evidence enough, at least *prima facie*, to prove the plaintiff entitled to the same sum, that proof of an actual performance on trial of an issue made, would. 7 Mo. R., 94; 3 Mo. R., 230; 4 Mo. R., 41.

4. The court did not err in refusing to grant a new trial or inquiry,

1st. Because the inquiry was had at the proper time and according to the practice of the court, and the order made in this case as authorized by section 42, p. 815, of R. C. of 1845.

2nd. Because the affidavit shows no good cause—shows no diligence—does not pretend that the defendant had any evidence to offer.

3rd. The damages were not excessive, being merely the compensation of the contract.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of assumpsit. The declaration contained two counts. The first count set forth, in substance, that it was agreed between Coonce and Webb, that Coonce would, by a specified time, at Webb's landing, in Lafayette county, take on his boat, the Radnor, about 335 bales of hemp, weighing at least sixty tons, and transport the same to St. Louis, at the price of $4 per ton; that Coonce reached the landing at the time agreed on, ready and willing to take the hemp, but Webb refused to let him have it. The second count, reciting that Coonce was engaged in the carrying trade between St. Louis and divers places on the Missouri river, with his steamboat Radnor, averred that Webb had

hemp at Webb's landing, on the river, to the amount of 335 bales or 60 tons, which he wished to have transported to St. Louis, and that thereupon it was agreed between the parties that Coonce should, by a day specified, come for it with his boat and transport it to St. Louis, for which Webb agreed to pay $4 per ton; that Coonce called for it at the time with his said boat and demanded the hemp, and Webb refused to let him have it, to his damage $500.

At the return term of the writ, (which had been duly served) the defendant failed to plead, and a judgment by default was entered, and a writ of inquiry for the same term was awarded. The defendant, by his attorney, moved to set aside the judgment by default, and filed two affidavits to sustain the motion. The case was called on the day set for the writ of inquiry, and the motion to set aside the judgment was overruled and the inquiry had. The plaintiff read the declaration, and no other evidence was given. The defendant, by his counsel, asked the following instruction: "That the plaintiff having made no proof, the jury can find only nominal damages for the plaintiff;" which instruction the court refused, and the defendant excepted. The jury found a verdict for $240, and a motion for a new trial was made, because of the refusal of instructions, and for various other reasons specified. This motion was also accompanied by affidavit of counsel, the object of which was to explain his absence on the trial of the writ of inquiry. The motion was overruled and exceptions taken.

The affidavits for the purpose of setting aside the judgment by default, were made by the counsel for Webb. These affidavits stated in substance that the affiant had been employed by an agent of Webb, some three months before, to defend a suit commenced (as he understood from the agent) by the steamboat Radnor against said Webb—that he applied to the clerk and learned that the declaration was in the hands of the sheriff—that he applied to the sheriff, but could not find the declaration —that he applied to the attorney for the plaintiff for information, but was equally unsuccessful. On the second day of the term, the affiant again made search for the papers, and, with a plea in his hand, applied to the deputy clerk in open court, but neither the clerk nor the counsel could find the papers, and the clerk said he had no place to file the plea, as the papers could not be found, &c. The affiant further stated that the defendant had a valid defence.

The affidavit of the counsel on the opposite side was also read, stating that he found the case regularly docketed on the return docket, made out by the clerk and in the court room for the use of the bar.

We are not warranted in interfering with the decision of the Circuit Court in refusing to set aside the judgment by default. That court can better determine than we can what degree of strictness may be necessary for the dispatch of its business. The affidavits of Hockaday do not make out a case which would leave the court without discretion.— One objection to them is the failure to state that the defendant had a meritorious defence. A court is not bound to set aside a judgment by default to let in a technical defence.

The instruction asked by the defendant on the trial of the writ of inquiry was properly refused. Where the damage actually sustained by the plaintiff is the measure of damages to be given by the jury, and the plaintiff offers no proof of the nature or extent of the injury, he is only entitled to nominal damages. But where the damages are fixed by contract, and the pleadings admit the contract and breach as laid in the declaration, although the defendant might reduce the damages by proof, *prima facie* the plaintiff is entitled to the amount of compensation agreed upon. Where a merchant agrees to furnish a given quantity of freight, for a particular voyage, and fails, he must pay dead freight to the amount so agreed—deducting whatever may have been received from other persons for freight taken in lieu of that which the merchant had stipulated to furnish. Abbott on Shipping, 277; Puller vs. Staniforth, 11 East., 232. But the *onus* of defence rests on the defendant. He is the wrong doer, and between him and the person wronged presumptions should be in favor of the latter. Costigan vs. Mohawk R. R. Co., 2 Denio, 612.

Here the plaintiff in his declaration alleges a contract on the part of Webb to furnish him freight to the value of $240, and a breach of that contract by the defendant, without any fault on the part of the plaintiff. The failure to plead admits the declaration to be true. *Prima facie,* the plaintiff is entitled to his $240, and it was the privilege of the defendant to have reduced these damages by showing the amount of injury which was actually sustained. As the defendant offered no evidence, the instruction he asked of the court was properly refused.

The other Judges concurring, the judgment is affirmed.