DEAN *et al.*, Respondents, *vs.* RITTER, Appellant.

1. Where a party fails to furnish freight to a boat according to contract, the measure of damages is the price agreed to be paid for the transportation. The defendant, however, may offer evidence to reduce the damages below this standard, as, for instance, by showing that the boat obtained other freight.

*Appeal from St. Louis Court of Common Pleas.*

*C. B. Lord*, for appellant. The court erred in relation to the measure of damages. The actual loss or injury arising from non-performance, and not the price agreed to be paid upon performance, is the correct measure. *Pond* v. *Wyman*, 15 Mo. Rep. 175. Abbott on Shipping, 411. Sedgwick, 361. *Shannon* v. *Comstock*, 21 Wend. 457. 24 Wend. 304. 2 Gallis. 61, 74, 75. A party entitled to the benefit of a contract should use reasonable exertion to protect himself against loss from a breach. *Miller* v. *Mariner's Church*, 7

Dean *v*. Ritter.

Greenl. 51, 55, 56. At all events, the plaintiffs cannot recover the full contract price without showing that they made some exertion to get other freight, and failed to get it.

*Todd & Krum*, for respondent. The plaintiff is entitled to the whole amount of the contract price, unless the defendant offer evidence to reduce the damages below that sum. *Coonce* v. *Webb*, 11. Mo. Rep. 9. *Pond* v. *Wyman*, 15 Mo. Rep. 175.

SCOTT, Judge, delivered the opinion of the court.

This was an action by the respondents against the appellant for failing to furnish a stipulated quantity of freight to a steamboat. The only question involved in the cause relates to the measure of damages for a breach of such contract. There was a judgment for the respondents.

1. The law as settled by this court, according to what seemed to be the authorities on the subject, is, that when one agrees to furnish a quantity of freight and fails to do so, he must pay as though the freight was actually furnished. The law presumes this to be the measure of damages in such cases, and it is for the defendant, who is in default, to show that the damages sustained did not mount up to the standard fixed by law. He may show that the plaintiff got other freight, or in any way satisfy the jury that the damages were less than the law presumed them to be. But this is for the defendant to do. He is the wrong doer, and the burden of proof is on him. In the absence of all proof on the subject, the measure of damages fixed by law must be the rule. *Webb* v. *Coonce*, 11 Mo. 9. *Pond* v. *Wyman*, 15 Mo. 175. That the respondents were offered freight before their contract with the appellant was determined, which was refused by them, is a circumstance against the appellant. There is nothing in Abbott or Sedgwick which contravenes this rule. The other judges content, the judgment will be affirmed.